United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVIDIUM, INC.,
Plaintiff,
v.
BMJ PUBLISHING GROUP LIMITED,
Defendant.

Case No. 26-cv-05050-AMO

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY**

Re: Dkt. No. 35

Before the Court is Defendant BMJ Publishing Group Limited's motion to stay this action pending resolution of petitions for post grant review and *inter partes* review before the Patent Trial and Appeal Board. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing on this motion set for December 10, 2026, is **VACATED**. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court grants the motion in part and denies the motion in part.

## I. BACKGROUND

Plaintiff Evidium, Inc. filed its complaint on May 28, 2026, alleging BMJ infringed Evidium's patents. On August 13, 2026, BMJ filed a motion to dismiss. Dkt. No. 25. Soon after, on September 3, 2026, Evidium filed an amended complaint in lieu of a response with leave of the Court. Dkt. Nos. 28, 30. Evidium's amended complaint includes ten causes of action. Dkt. No. 30. Evidium alleges infringement of United States Patent Nos. 11,869,674 ("the '674 Patent"), 12,518,882 ("the '882 Patent"), 12,518,883 ("the '883 Patent"), 12,640,274 ("the '274 Patent"), and 12,725,716 ("the '716 Patent"), trade secret misappropriation in violation of state and federal

law, breach of contract, breach of covenant of good faith and fair dealing, and unfair competition. *Id.*

On October 5, 2026, BMJ filed two petitions with the Patent Trial and Appeal Board ("PTAB") for post grant review ("PGR") on the '882 and '883 Patents. The next day, BMJ filed the instant motion to stay proceedings. Dkt. No. 35. Evidium filed its opposition on October 15, 2026, Dkt. No. 40, and BMJ's reply followed on October 20, 2026, Dkt. No. 41. At the time BMJ filed its reply, BMJ declared its intent to file petitions for PGR challenging the '274 and '716 Patents by November 30, 2026, and a petition for *inter partes* review ("IPR") by October 23, 2026. Dkt. No. 41-1 ¶ 3. The PTAB has not instituted review on either of BMJ's petitions.

## II. DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion" of PTAB proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). "Courts in this District have often recognized a liberal policy in favor of granting motions to stay pending [PTAB review]." *Zomm, LLC v. Apple, Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (citation omitted). In determining whether to stay a patent infringement case, courts generally consider three factors: "(1) whether discovery in the case is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Entangled Media, LLC v. Dropbox Inc.*, 732 F. Supp. 3d 1120, 1123 (N.D. Cal. 2024) (citation omitted). "The moving party bears the burden of demonstrating that a stay is appropriate." *Zomm, LLC*, 391 F. Supp. 3d at 956. The Court considers each of the three factors in turn.

### A. Stage of the Litigation

In analyzing the first factor, the stage of the litigation, courts look to "(1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015). "A stay is particularly appropriate

United States District Court
Northern District of California

for cases in the initial stages of litigation or in which there has been little discovery." *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007).

This case is still in its pleading stage. Evidium filed its first amended complaint just over four months ago, and the Court has not yet heard BMJ's motion to dismiss. Dkt. Nos. 30, 34. The parties have served initial disclosures, and, at the time BMJ filed this motion, neither party had served discovery responses or produced documents. Little to no discovery has taken place, the Court has not issued a claim construction order, and a pretrial schedule has not been set. Accordingly, this factor weighs in favor of stay. *See Columbia Ins. Co. v. Simpson Strong-Tie Co. Inc.*, 703 F. Supp. 3d 1007, 1012 (N.D. Cal. 2023) ("Since discovery has barely begun and is far from being over, the first factor favors staying the current proceedings."); *Athena Feminine Techs. Inc. v. Wilkes*, No. C 10-04868 SBA, 2012 WL 1424988, at *2 (N.D. Cal. Apr. 24, 2012) (holding that where "[n]o pretrial schedule has been entered, no discovery has been taken and no dispositive motions have been filed" the stage of litigation favored stay).

**B. Simplification of Issues and Trial**

Turning next to the second factor, the Count considers whether granting a stay could simplify the litigation. "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014). Often, PTAB review may simplify a case by providing the Court with expert opinion, clarifying scope of the claims, or eliminating the need for trial altogether, "particularly . . . when a party has obtained [PTAB] review of each of the asserted claims in the patents-in-suit." *Evolutionary Intel., LLC v. Facebook, Inc*, No. C 13-4202 SI, 2014 WL 261837, at *2 (N.D. Cal. Jan. 23, 2014). However, "[u]ntil the PTAB makes a decision on whether to grant the [review] petition, any argument about whether the [review] process will simplify issues . . . is highly speculative." *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015).

BMJ has filed PGR petitions challenging every asserted claim in the '882 and '883 Patents that Evidium has asserted against BMJ in this action and represents that it will imminently file



United States District Court
Northern District of California

PGR and IPR petitions challenging the '674, '274, and '716 Patents. Dkt. No. 41-1 ¶¶ 2-3. However, BMJ has not yet filed all of the contemplated petitions, and the PTAB has not yet determined whether to institute the proceedings. Evidium thus argues that any simplification is speculative. Dkt. No. 40 at 12-13. While the Court agrees simplification is somewhat speculative here, a stay pending the PTAB's decision will nonetheless "promote[] efficiency by avoiding the expenditure of limited judicial resources between now and when the last PTAB institution decision will be rendered." *Cortex MCP, Inc. v. Visa, Inc.*, No. 5:23-CV-05720-EJD, 2024 WL 3511637, at *2 (N.D. Cal. July 22, 2024) (citing *Evolutionary Intelligence*, 2013 WL 6672451, at *7).

However, Evidium has also asserted additional, non-patent claims which the Court must consider in its analysis. Here, no PGR or IPR will simplify or resolve Evidium's two trade secret misappropriation claims, breach of contract claim, breach of implied covenant of good faith and fair dealing claim, and unfair competition claim. But simplification that merits a stay does not require that PTAB proceedings completely resolve the lawsuit. *LELO, Inc*, 2014 WL 2879851, at *3. Here, the patents represent a large and time-consuming portion of this action, and a limited stay will conserve judicial resources and avoid inconsistent results. *See Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014). Thus, this factor weighs slightly in favor of stay.

**C. Undue Prejudice**

For the third factor, Courts consider four sub-factors to determine "undue prejudice" on the non-moving party: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Entangled Media, LLC*, 732 F. Supp. 3d at 1124-25 (citation omitted).

BMJ timely filed its petitions, well before statutory deadline pursuant to 35 U.S.C. § 315(b). BMJ filed the instant motion the day after it filed its PGR petitions challenging the '882 and '883 Patents. BMJ's timeliness reduces potential prejudice to Evidium. *See, e.g., Evolutionary Intelligence LLC*, 2013 WL 6672451, at *9 (finding no prejudice where defendant "filed its request for IPR exactly one year after Plaintiff served the complaint," noting that

defendant "was entitled to do so"); *Columbia Ins. Co.*, 703 F. Supp. 3d at 1012 (finding "that both the timing of the [PGR] request and the timing of the request for stay favor granting a stay" where defendant filed its PGR petitions "well before its nine-month deadline, and filed its request for a stay on the same day.").

Turning next to the status of the review proceedings. BMJ has not yet filed petitions for three of the five patents and PTAB has not yet determined whether to institute the post-grant proceedings on the other two. However, PTAB must issue its decision within 180 days after the petition is filed. *See, e.g.*, 37 C.F.R. §§ 42.107(a)-(b), 42.207(b); 35 U.S.C. §§ 314(b), 324(c). Thereafter, PTAB has up to a year more to issue a final written decision. 35 U.S.C. §§ 324(c), 326(a)(11). Evidium emphasizes that the early stage of the review will particularly prejudice its non-patent claims. Specifically, the trade secret and contract claims turn on individual employees' knowledge and conduct, including whether the people who accessed Evidium's confidential information helped build BMJ's product. *See, e.g.*, Dkt. No. 30 ¶¶ 64-65, 69-74, 77, 149. A delay of eighteen months or more increases the risk of degradation of evidence through loss of records and recollection and unavailability of witnesses.

Regarding the relationship of the parties, courts often consider whether the parties are competitors to assess whether a stay will prejudice one of the parties. *See Skillz Platform Inc. v. Aviagames Inc.*, No. 21-CV-02436-BLF, 2022 WL 1189882, at *5-7 (N.D. Cal. Apr. 21, 2022). Evidium avers that BMJ's use of Evidium's technology to develop and market a competing product poses a real threat of severe harm. Dkt. No. 40 at 8-9. Accordingly, the parties' relationship as competitors additionally evidences some prejudice to Evidium.

The potential degradation of evidence and the parties' competitive relationship indicate that a stay will cause undue prejudice to Evidium's litigation of its non-patent claims. However, the potential prejudice to Evidium's patent infringement claims is not significant enough to outweigh the factors favoring a limited stay.

In sum, the PTAB review will have little to no beneficial impact on resolution of the non-patent claims and a stay on these claims will prejudice Evidium. On the other hand, the early stage of this action and the likely simplification of discovery and litigation of the five patent

infringement claims weigh heavily in favor of granting a stay of the patent claims only. Accordingly, the patent claims should be stayed, and the motion granted in part.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Stay Pending *Inter Partes* Review. This action is **PARTIALLY STAYED** pending the PTAB's decision on Defendant's petitions for post grant review of the '882, '883, '274, and '716 Patents and *inter partes* review of the '674 Patent, and all discovery relating to those patents is **STAYED**. This stay does not apply to Plaintiff's trade secret misappropriation, breach of contract, breach of covenant of good faith and fair dealing, and unfair competition claims.

Defendant **SHALL FILE** a status report confirming the filing of the IPR petition regarding the '674 Patent and the PGR petitions challenging the '274 and '716 Patents by no later than December 7, 2026. The parties **SHALL FILE** a joint case management statement proposing a case schedule for the claims that are not stayed and explaining any impact this order has on the pending motion to dismiss, including whether the motion should be terminated, by no later than November 30, 2026, which will be discussed during the December 10, 2026 case management conference. The hearing on the pending motion to dismiss, Dkt. No. 34, is **CONTINUED** to January 28, 2027.

**IT IS SO ORDERED.**

Dated: November 10, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**